| | |
|---|---|
| Mark Robertson, | § |
| George Curry, | § |
| Tony Ford, | § |
| Ricky Cummings, | § |
| Plaintiffs | § |
| | § |
| vs. | §   Civil Action Number |
| | §   9:23-cv-00023 |
| Bryan Collier, | § |
| Bobby Lumpkin, | § |
| Daniel Dickerson, | § |
| Defendants | § |

Petitioner, Freddy Hurley, TDCJ #1453088

To The U.S. Eastern District Court, Marshall, Texas:

This is a TDCJ prisoner pro se filed "Motion To Intervene" in Robertson v. Collier, Case No. 9:23-cv-00023 (E.D. Tex. 2023), and Petitioner, Freddy Hurley, TDCJ #1453088, ask the Court to accept his pro se Motion To Intervene, see Federal Rules of Civil Procedures, Rule 24, which dictates Petitioner can intervene in Civil Case No. 9:23-cv-00023 since it addresses unconstitutional acts created by Defendants and their TDCJ employed staff in their

individual and official capacity who govern the State Institutional Prison System, the largest penal agency in the United States that operates a racketeer influenced and corrupt organization ("RICO").

In Petitioner's motion to intervene in Case No. 9:23-cv-00023 (E.D. Tex. 2023) Defendants received fair warning from Petitioner and Plaintiffs regarding TDCJ employed staff whose punitive acts toward TDCJ isolated inmates who are segregated in long-term solitary confinement; a TDCJ malicious policy action by Defendants that serves no penological justification. And, in Petitioner's 11/2/2023 and 11/3/2023 TDCJ Inmate Step 1 and Step 2 (I-127 and I-128) Grievances the TDCJ "UGI," H. Sloane, informed Petitioner that his TDCJ Inmate Grievance(s), # 2024028964, to Defendant Collier (7 pages) did not meet TDCJ screening criteria is returned to Petitioner unprocessed because his 11/2/2023 correspondence to Defendant Collier concerns Petitioner's long term TDCJ solitary confinement does not violate law. See Exhibit A (12 pages). Also, in situations where TDCJ documentary Defendant evidence is obvious and of substantial value to Petitioner, elementary fairness requires Defendants too disclose to the Court and Petitioner all

TDCJ evidence held by Defendants regarding Petitioner Hurley; see e.g. United States v. Agurs, 427 U.S. 97 (1976); meaning the effect of Petitioner's TDCJ evidence withheld by Defendants and its disclosure to Petitioner in relation to U.S. Civil Case in 9:23-cv-00023 (E.D. Tex. 2023) raises a probability that Defendants disclosed TDCJ evidence concerning Petitioner can produce a result for the Court; see e.g. United States v. Bagley, 473 U.S. 667 (1985), see also Kyles v. Whitly, 514 U.S. 419 (1995). And where a legal dispute exists between Petitioner and Defendants Petitioner can ask the Court to accept his pro se intervention pleading as true; see e.g. Wagner v. Bay City, 227 F.3d 316 (5th Cir. 2000), see also Gonzales v. Dallas County, 249 F.3d 406 (5th Cir. 2001).

Also, in situations where TDCJ documentary evidence is obvious and of value to Petitioner, elementary fairness requires Defendants to disclose to the Court and Petitioner all TDCJ evidence held by Defendants concerning Petitioner; see e.g. United States v. Agurs, 427 U.S. 97 (1976); meaning the effect of Petitioner Hurley's TDCJ evidence withheld by Defendants and Defendants disclosure of the TDCJ evidence to Petitioner in Case No. 9:23-cv-00023

(E.D. Tex. 2023) that raises a probability that Defendants disclosure of TDCJ evidence about Petitioner is true; see e.g. Wagner v. Bay City, 227 F.3d 316, and Gonzales v. Dallas County, 249 F.3d 406. And, Petitioner need not search out a legal case that is squarely on point and establishes for the Court that Petitioner's right to intervene in Robertson v. Collier, Case No. 9:23-cv-00023 (E.D. Tex. 2023) since the U.S. Supreme Court has said that Petitioner need not define established law at a high level of pro se legality; see e.g. Ashcroft v. al-Kidd, 563 U.S. 731 (2011); see also Cunningham v. Castloo, 983 F.3d 191 (5th Cir. 2020), since Defendants and their TDCJ employed staff can be held liable when Defendants know their TDCJ policy of long-term segregated solitary confinement causes physical and mental harm when TDCJ Official Unit Officials isolate Unit Protective Custody ("PC") segregated inmates in long-term solitary confinement illegally and deny to PC inmates in "TDCJ Restricted Housing" all rehabilitation and religious activity programs; see e.g. Saucier v. Katz, 533 U.S. 194 (2001); see also Harlow v. Fitzgerald, 457 U.S. 800 (1982). Read also "Reports From Within The Belly Of The Beast --- Torture and Injustice Inside Texas Department of Criminal Justice"; written by Jason R. Walker and Published in

January 2023, Coppell, Texas.

## Petitioner's TDCJ Case History

Petitioner has been incarcerated since January 1987 and is suppose to be released from TDCJ after serving one-third (1/3rd) of Petitioner Hurley's TDCJ sentence. But in February 1990 Petitioner was TDCJ classified as TDCJ Protective Custody ("PC") by the Texas Attorney General's Office and TDCJ State Classification ("SCC") and TDCJ isolated in segregated "TDCJ Restricted Housing" in solitary confinement due to TDCJ threats of harm and a TDCJ hit put on Petitioner's life by (a) TDCJ employed staff, (b) "UTMB" Personnel that are under TDCJ written contract to provide TDCJ prisoners with Correctional Managed Health Care, and (c) TDCJ Inmate Gangs who act as "TDCJ Inmate Buildin Tenders" that Defendants and TDCJ employed staff use to guard over other inmates because Defendants and TDCJ is short of over 8000 security staff so Defendants use the TDCJ Inmate Buildin Tenders as TDCJ Security Service Inmates ("SSIs") to guard and supervise over other inmates, giving to the "BTs" special privilages, and punitively segregation thousands of other TDCJ inmates in isolated "restricted housing" segregation in solitary

confinement.

## Petitioner Legal Intervention Pleading

Petitioner Hurley respectfully ask the U.S. Court to let Petitioner intervene in Robertson v. Collier, Case No. 9:23-cv-00023 (E.D. Tex. 2023), and the Court should not deny nor dismiss Petitioner's pro se filed request unless his request shows beyond doubt that Petitioner presents no set of facts that he is punitively isolated in segregated solitary confinement on the Powledg Unit, and, Defendants and Unit officials have created a TDCJ long-term policy that requires Petitioner Hurley, a TDCJ Trusty III Protective Custody prisoner, to be punitively segregated and hogtied with his wrist secured too his waist with a leather belt in an S-n-M fashion before Petitioner can exit his isolated PC segregation cell, and, Petitioner is punitively denied all TDCJ rehabilitation and religious activity program that are provided to TDCJ General Population ("GP") Inmates, but denied to Petitioner because of his race, being elderly, and disabled; see 42 U.S.C. § 12101; see also e.g. Conley v. Gibson, 355 U.S. 41 (1957), where a TDCJ remedy is available by the Court when Defendants refuse to Petitioner access to the TDCJ Inmate

grievance system, see Exhibit A; see also Days v. Johnson, 322 F.2d 863 (5th Cir. 2003). Also, when Petitioner presents to the Court a sufficient due process claim showing Defendant Collier and Rowledge Unit Officials deprive Petitioner of his legal rights that are forseeable by Defendants, see e.g. Zimerman v. Bunch, 494 U.S. 113 (1990), Petitioner asks the Court to allow Petitioner pro se leeway in his Federal Rule of Civil Procedures, Rule 24, Motion To Intervene in Robertson v. Collier, Case No. 9:23-cv-00023 (E.D. Tex. 2023); see also Hughes v. Rowe, 449 U.S. 5 (1980).

## Petitioner's Intervention Request Summary

Years on end Petitioner has been held in TDCJ Protective Custody ("PC") segregation and punitively isolated by Defendants in PC, and denied all rehabilitation and religious activity programs, an extreme social isolation act created by Defendants and Unit Officials that severely restricts Petitioner's environmental mental stimulation and physical health as a TDCJ PC segregated person in solitary confinement who is elderly and disabled; see e.g. Davis v. Ayala, 576 U.S. 257 (2015), when Defendants and Unit Officials know Petitioner is punitively isolated in solitary confinement

and deny to Petitioner all rehabilitation and religious activity programs that are similarly situated to TDCJ inmates housed in TDCJ's General Population ("GP"); but punitive acts TDCJ policy created by Defendants that create a wide range of psychological scars for TDCJ segregated solitary confined PC inmate similar too Case No. 9:23-cv-00023 (E.D. Tex. 2023), e.g. Post Traumatic Stress Disorders ("PTSD"); see e.g. Apodaca v. Raemish, 139 S.Ct. 5 (2018).

As stated above, Petitioner and his pro se Motion To Intervene, Rule 24 of Federal Rules of Civil Procedures in Robertson v. Collier, 9:23-cv-00023 (E.D. Tex. 2023), and because Petitioner Hurley is disabled (see 42 U.S.C. § 12101) and unabled too articulate his motion to intervene pleading, Petitioner respectfully ask the Court to liberally review his intervention motion in the light most favorable to Petitioner since Defendants must accept as true the nonconclusory pleading by Petitioner since he is TDCJ denied access to visit the TDCJ GP Inmate Law Library/Writ Room for meaningful access to the courts; see e.g. Morage v. Fontenot, 879 F. Supp. 679 (E.D. Tex. 1995). And, since Petitioner Hurley has been confined to a small 8 by 12 foot cell in TDCJ solitary confinement for 24 hours a day since March 2019 in TDCJ "Restricted Housing"

where Unit PC inmates are denied access to all rehabilitation and religious activity programs; on June 24, 2023, Defendants, Powledge Unit Officials, and "LTMB" Personnel conspired with a TDCJ employed Powledge Unit Guard (John Doe) to attack Petitioner Hurley in retaliation for his exercise of legal activity related to Robertson v. Collier, 9:23-cv-00023 (E.D. Tex. 2023); and, on 6/24/2023 the Guard came to Petitioner Hurley's isolated "restricted housing" cell in segregation, hogtied Petitioner with wrist restraints secured to his waist with a leather belt in a S-n-M fashion and when the Guard took Petitioner, an elderly disabled person, out of Petitioner's segregated PC cell the Guard attacked Petitioner and while he was laying on floor the Guard kicked Petitioner in his neck, and the Guard stuck his gloved fingers between Petitioner's butt-cheeks while Petitioner was hogtied too his ADA walker and laying on the floor; the Guard then told Petitioner: "... They said to tell you hello you bitch!" Petitioner was then rushed to a freeworld hospital for medical care. And the Court need only order Defendants to provide the Court with a copy of the TDCJ Security Monitoring Cameras located throughout every TDCJ unit, including the

Pawledge Unit's isolated segregation "TDCJ Restricted Housing" Protective Custody (PC).

## Petitioner's Summation

In Plaintiff's Court claim, see Robertson v. Collier, Case No. 9:23-cv-00023 (E.D. Tex. 2023), Petitioner Hurley's Motion To Intervene is sent to the Marshall, Texas, U.S. Eastern District Court and Petitioner arrests, similar to Plaintiff's, that Petitioner Hurley is isolated in punitive segregation TDCJ Protective Custody ("PC"), a punitive act by Defendants and Pawledge Unit officials that serves no penalogical purpose except to cause to Petitioner Hurley physical and mental harm in numerious ways by confining Petitioner in a 8 by 12 foot cell for 24 hours a day without any form of rehabilitation and religious activity programing. Also, in relation to Petitioner's motion to intervene he is a TDCJ Trusty III Inmate who has been incarcerated since January 1987, and, in February 1990 Petitioner has been punitively isolated in segregated PC solitary confinement. And in Gates v. Collier, 502 F.2d 1291 (5th Cir. 1974), the court held that solitary confinement becomes severe when it is used as a disciplinary tool which then becomes cruel and unusual punishment. Also, in Hope v.

Harris, 861 F. Appx. 571 (5th Cir 2021), the court said it is "more than plausible" that after years of segregated solitary confinement in TDCJ isolation it causes physical and mental deterioration and creates an Eighth Amendment issue. The Fourth Circuit found that prolonged isolated confinement in solitary, similar to Petitioner's intervention claim, isolation creates a substantial risk of physiological and emotion harm; see e.g. Porter v. Clarke, 923 F.3d 348 (4th Cir. 2019). The Third Circuit also said that prolonged solitary confinement creats physiological and emotional harm that is well established in various courts; see e.g. Porter v. Pa. Dep't of Corr., 974 F.3d 431 (3rd Cir. 2020).

These TDCJ isolated segregation Protective Custody (PC) "Restricted Housing" cases, described in various courts, are similar to Petitioner and Robertson v. Collier, Case no. 9:23-cv-00023 (E.D. Tex. 2023), a establish a degree of stupor; difficulties with one's thinking and concentration, obsessive thinking, agitation, irritability, panic, PTSD, paranoia, etc., expecially since Petitioner is elderly, disabled, and Defendants and Unit Staff deny to Petitioner all rehabilitation and religious activity programs. Again, the court need only review TDCJ's Unit Security

Monitoring Inmate Commerce to witness the truth of Petitioner's claim requesting intervention.

## Summary

Due to TDCJ threat of harm Petitioner is TDCJ classified as Protective Custody and denied access to all physical, religious, and mental activity programs, see Exhibit A (12 pages). And in many court cases filed by TDCJ inmates, see e.g. Robertson v. Collier, 9:23-cv-00023 (E.D. Tex. 2023), Defendants tactically acknowledge the physical and mental harm caused by TDCJ inmates who are held in solitary confinement. And like Plaintiffs in Case No. 9:23-cv-00023, Petitioner Hurley is held in PC punitive isolation thru segregated TDCJ Protective Custody "Restricted Housing, and, in June 2023 Defendants and their State Institution Parole Division continued that Petitioner has a "instant offense" (emphasises added) that is unconstitutionally vague, see e.g. Ex parte Chernosky, 217 S.W.2d 673 (Tex. Cr. App. 1949), and denied to Petitioner his due process right from PC solitary confinement because he is eldely and disabled; see e.g. Wolff v. McDonnell, 418 U.S. 539 (1974), and Sandin v. Conner, 515 U.S. 472 (1995). And there is a line when solitary confinement conditions become severe enough to

convert from a disciplinary tool and then turns to cruel and unusual punishment; see e.g. Gates v. Collier, 502 F.2d 1291 (5th Cir. 1974). And in Petitioner's Motion To Intervene, Rule 24 of Federal Rule of Civil Procedure, Petitioner Hurley is a TDCJ Trusty III Inmate but held in punitive "TDCJ Restricted Housing Segregation" and housed in solitary confinement, see Exhibit A (12 pages), simply because Defendants TDCJ policy is to place Protective Custody Powledge Unit inmates in solitary confinement, hogtying unit PC inmates with their wrist restraints secured too their waist with a leather belt in a S-n-M fashion. Again, the Court need only order Defendants to provide the Court with a copy of the TDCJ Powledge Unit's Security Monitoring Segregated "Restricted Housing" PC Wing Cameras that view the area.

## Action Requested

Petitioner Hurley ask the Court to GRANT his Motion To Intervene in Robertson v. Collier, Case No. 9:23-cv-00023 (E.D. Tex. 2023).

## Prayer

Wherefore Petition Hurley prays the Court will

grant his motion to intervene in Robertson v. Collier, 9:23-cv-00023 (E.D. Tex 2023) and, Petitioner's pleading is written to the best of his ability and stated under penalty of perjury; 28 U.S.C. § 1746.

Respectfully submitted,

Freddy Hurley, TDCJ #453088
Powledge Unit, State Prison
1400 FM 3452
Palestine, TX 75803-2350

## Certification Service

Petitioner, Freddy Hurley, TDCJ #453088, certifies that his TDCJ Inmate Motion To Intervene in Case No. 9:23-cv-00023 (E.D. Tex. 2023) is sent thru certified mail, 7022 0410 0002 7135 3526, on this 8th day of November 2023 to the U.S. District Court in Marshall, Texas 75670

Declarant,

Freddy Hurley