In The U.S. District Court
Eastern District of Texas
<u>Lufkin Division</u>

Mark Robertson, et al., §
   Plaintiffs §
  §
vs. § Civil Action No.
  § 9:23-cv-23 (E.D. Tex.)
Bryan Collier, et al., §
   Defendants §

<u>Petitioner's Motion To Intervene</u>

To The Eastern District Court, Lufkin Division:

   On 3/15/2024 the U.S. Eastern District of Texas, Lufkin Division, acknowledged Petitioner Hurley's motion to intervene in Robertson, et al., Plaintiffs (State Prisoners) v. Collier, et al., Defendants (TDCJ employed staff), Civil Action No. 9:23-cv-23 (E.D. Tex.); also, in Petitioner's original pleading and his evidence exhibits regarding his solitary confinement in State prison ("TDCJ"), filed 11/8/2023, including Petitioner's 1/2/2024 Supplement Intervention, filed on 1/2/2024, and on 3/15/2024 the U.S.

Eastern District Court, Lufkin Division, "granted" Plaintiffs/Petitioner's scheduling for oral argument to consider Defendants motion to dismiss, and, Defendants current motion to dismiss is terminated and abated until oral argument between Plaintiffs Petitioner Hurley, and Defendants (TDCJ) is scheduled for argument; see e.g. Petitioner Hurley's motion to intervene under penalty of perjury; see e.g. Carter v. Clark, 616 F.2d 228 (5th Cir. 1980); see also 28 U.S.C. § 1746.

## Petitioner's Legal Claim

Attached too Petitioner's present court pleading in Civil Action No. 9-23-cv-23 (E.D. Tex.) regarding the Court's ordered 3/15/2024 granting of oral argument between Plaintiffs/Petitioner and Defendants (TDCJ employed staff), the Lufkin Division U.S. Court will find 48 pages of evidence exhibits as supporting evidence regarding Petitioner Hurley's solitary confinement claim regarding his Protective Safekeeping ("PC") and Defendants (TDCJ employed staff) denying to Petitioner Hurley all TDCJ rehabilitation and religious program activities concerning his PC solitary confinement in punitive isolation; see e.g. Ruiz v. Estelle, 503

F.Supp. 1265 (S.D.Tex. 1980)

## Petitioner Hurley's Summary

Regarding Petitioner Hurley's motion to intervene and his TDCJ Protective Safekeeping ("PC") solitary confinement, and Defendants and their TDCJ employed staff wear little logos that say: "We Protect Our Own," a TDCJ employees threat statement to anyone that crosses a TDCJ staff member, also Defendants have in their current file that says Petitioner Hurley's "... risk assessment is assessed as a one, which is low ... [and Freddy] is not a threat to society." Also, Defendants deny to Petitioner Hurley direct access to the State prisons TDCJ inmate law library, see e.g. Morage v. Fontenot, 879 F.Supp. 679 (E.D.Tex. 1995), and the U.S. Supreme Court held that a pro se prisoner need not search out law that is not squarely on point like that of a licensed attorney, meaning Petitioner Hurley's pro se legal pleading need not be defined at a high level liked a schooled attorney, see e.g. Ashcroft v. al-Kidd, 563 U.S. 731 (2011), see also Cunningham v. Castloo, 983 F.3d 183 (5th Cir. 2020).



## Action Requested

Petitioner Hurley prays that the Honorable U.S. Eastern District Court, Lufkin Division, will accept and grant his pro se pleading and its 418 page evidence exhibits.

Respectfully filed,

Freddy Hurley, TDCJ #453088
Powledge Unit, State Prison
1400 FM 3452
Palestine, TX 75803

## Certificate of Service

I, Freddy Hurley, TDCJ #453088, certifies that his 3/21/2024 pleading in Robertson v. Collier Writ No. 9:23-cv-23 (E.D.Tex.) is true and filed under penalty of perjury.

Declarant,

Freddy Hurley

Pg 4 of 1

