IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARK ROBERTSON, ET AL. | § | |
| VS. | § | CIVIL ACTION NO. 9:23cv23 |
| BRYAN COLLIER, ET AL. | § | |

## ORDER

Freddy Hurley has filed several motions seeking to intervene in this matter. This case was filed on behalf of five plaintiffs who are incarcerated on death row at the Polunsky Unit. Mr. Hurley does not state he has been sentenced to death. Moreover, Mr. Hurley states he is incarcerated at the Powledge Unit.

Federal Rule of Civil Procedure 24(a) provides for intervention of right, or mandatory intervention. Rule 24(b) provides for permissive intervention.

A person seeking to intervene is entitled to mandatory intervention under Rule 24(a) if four elements are satisfied: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest related to the property or transaction forming the basis of the controversy in the case; (3) the disposition of the case may impair or impede the potential intervenor's ability to protect its interest and (4) the existing parties may not adequately represent the potential intervenor's interest. *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). In addition, Rule 24(a) requires the court to permit anyone to intervene who is given an unconditional right to intervene by a federal statute. No statute conferring such a right has been identified in this case. The failure to satisfy any one element precludes mandatory intervention. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

In this case, Mr. Hurley has failed to show that the disposition of this case may impair or impede his ability to protect his own interests. He is entitled to file a separate lawsuit asserting his interests. He will not be bound by the result in Plaintiff's case.

Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

Permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987).  In addition, Rule 24(b)(1)(A) allows a court to permit anyone to intervene who is given an conditional right to intervene by federal statute.  No statute conferring such a right has been identified in this case.

After considering the record and the motions, the court is of the opinion Mr. Hurley should not be permitted to intervene in this matter.  As Mr. Hurley is at a different prison unit, it would be difficult for him to communicate with the other plaintiffs or their counsel.  In addition, as stated above, Mr. Hurley will suffer no prejudice as a result of not being permitted to intervene as he may file his own separate lawsuit pursuing his own claims.  As a result, the court will exercise its discretion to deny Mr. Hurley leave to permissively intervene.

For the reasons set forth above, it is

**ORDERED** that Mr. Hurley's motions to intervene (doc. nos. 39, 46, 47 and 50) are **DENIED**.

SIGNED this 16th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge