IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **MARK ROBERTSON,** *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 9:23-CV-0023 |
| **BRYAN COLLIER,** *et al.*, | § § § | |
| *Defendants.* | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Bryan Collier, Bobby Lumpkin, Eric Guerrero ("Guerrero"),[1] Daniel Dickerson, and Kevin Smith[2] (together, "Defendants"),[3] through the Office of the Attorney General of Texas, respectfully submit their Answer to Plaintiffs' First Amended Complaint (D.E. 22).

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b) and for the express purpose of requiring Plaintiffs to meet his burden of proof, Defendants deny each and every allegation contained in Plaintiff's First Amended Complaint except those expressly admitted herein.

**ANSWER**

1. Defendants deny the allegations in this paragraph.

2. Defendants deny the allegations in this paragraph.

---

[1] Mr. Guerrero replaced Mr. Lumpkin as Director of TDCJ's Correctional Institutions Division ("CID"). Pursuant to Federal Rule of Civil Procedure 25(d), Plaintiffs' official-capacity claims against Mr. Lumpkin as CID Director are now automatically brought against Guerrero. Similarly, because Mr. Lumpkin replaced Mr. Collier as TDCJ Executive Director, Plaintiffs' official-capacity claims against Mr. Collier in that capacity are now automatically brought against Mr. Lumpkin. Only individual-capacity claims against Mr. Collier remain.

[2] Mr. Smith replaced Mr. Dickerson as Polunsky Unit Warden. Pursuant to Federal Rule of Civil Procedure 25(d), Plaintiffs' official-capacity claims against Mr. Dickerson as Polunsky Unit Warden are now automatically brought against Mr. Smith. Only individual-capacity claims against Mr. Dickerson remain.

[3] Former defendant Crystal Anthony need not answer because all claims against her were dismissed. D.E. 64.

1

3. Defendants deny the allegations in this paragraph, except refer to the cited documents for the complete contents thereof.

4. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to the average length of confinement for death row inmates, and refer to the cited documents for the complete contents thereof.

5. Defendants deny the allegations in this paragraph, except admit that Plaintiffs are male death row prisoners incarcerated at the Polunsky Unit operated by TDCJ.

6. Defendants deny the allegations in this paragraph, except admit that the Polunsky Unit opened in 1993, and that in 1999 TDCJ began moving death row inmates there from the Ellis Unit.

7. Defendants deny the allegations in this paragraph, except admit that TDCJ moved death row prisoners from the Polunsky Unit to the Ellis Unit in 1999 and 2000.

8. Defendants deny the allegations in this paragraph.

9. Defendants deny the allegations in this paragraph.

10. Defendants deny the allegations in this paragraph, except refer to the cited document for the complete contents thereof

11. Defendants deny the allegations in this paragraph.

12. Defendants deny the allegations in this paragraph.

13. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Plaintiffs have exhausted their administrative remedies.

14. Defendants deny the allegations in this paragraph, except admit that Robertson has been on death row since his death sentence.

15. Defendants deny the allegations in this paragraph.

16. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Robertson is in state habeas proceedings.

17. Defendants lack sufficient information to form a belief as to the allegations in this paragraph.

18. Defendants deny the allegations in this paragraph, except admit that Curry has been on death row since his death sentence.

19. Defendants deny the allegations in this paragraph.

20. Defendants lack sufficient information to form a belief as to the allegations in this paragraph.

21. Defendants deny the allegations in this paragraph, except admit that Ford has been on death row since his death sentence.

22. Defendants deny the allegations in this paragraph.

23. Defendants lack sufficient information to form a belief as to the allegations in this paragraph.

24. Defendants deny the allegations in this paragraph, except admit that Cummings has been on death row since his death sentence.

25. Defendants deny the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Robertson is in federal habeas proceedings.

27. Defendants lack sufficient information to form a belief as to the allegations in this paragraph.

28. Defendants deny the allegations in this paragraph, except admit that Ward has been on death row since his death sentence.

29. Defendants deny the allegations in this paragraph.

30. Defendants deny the allegations in this paragraph.

31. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Robertson is litigating his direct appeal or whether an investigation for an initial state habeas proceeding is underway.

32. Defendants deny the allegations in this paragraph, except admit that Collier is a resident of Texas, that he is TDCJ's former executive director, and that his duties in that role included

3

promulgating and enforcing certain TDCJ policies and protecting the safety and security of TDCJ inmates.

33. Defendants deny the allegations in this paragraph, except admit that Lumpkin is a resident of Texas, that he is TDCJ's former CID director, and that his duties in that role involved promulgating and enforcing certain TDCJ policies protecting the safety and security of TDCJ inmates.

34. Defendants deny the allegations in this paragraph, except admit that Dickerson is a resident of Texas, that he is the former Polunsky Unit Senior Warden, and that his duties in that role included protecting the safety and security of TDCJ inmates at the Polunsky Unit.

35. Defendants deny the allegations in this paragraph, except admit that Anthony is a resident of Texas, that she is a correctional officer at the Polunsky Unit, and that her duties in that role include protecting the safety and security of TDCJ inmates at the Polunsky Unit.

36. Defendants lack sufficient information to form a belief as to the allegations in this paragraph, except deny that there are any other "responsible parties" who may be named in this action.

37. Defendants admit the allegations in this paragraph, except note that all of Plaintiff's claims against Defendants have been dismissed aside from their official- and individual-capacity Eighth Amendment claims (injunctive and monetary relief) and official-capacity Fourteenth Amendment claims (injunctive relief only). *See* D.E. 58, 64.

38. Defendants admit the allegations in this paragraph, except deny that the Court has subject matter jurisdiction over any claim brought without adequate standing, and note that the Court found that Plaintiffs lack standing to assert certain claims. *See* D.E. 58, 64.

39. Defendants admit the allegations in this paragraph.

40. Defendants deny the allegations in this paragraph, except admit that death row cells at the Polunsky Unit typically do not exceed 8 by 12 feet.

41. Defendants deny the allegations in this paragraph, except admit that death row inmates at the Polunsky Unit spend most of their time in their cells, and that their interaction with other inmates is limited to ensure institutional security.

42. Defendants deny the allegations in this paragraph, except refer to the cited documents for the complete contents thereof.

43. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Curry filed the referenced grievance, and refer to the cited documents for the complete contents thereof.

44. Defendants deny the allegations in this paragraph.

45. Defendants deny the allegations in this paragraph.

46. Defendants deny the allegations in this paragraph.

47. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to the number of showers Curry took in January 2023.

48. Defendants deny the allegations in this paragraph, except admit that death row inmates at the Polunsky Unit are permitted recreation and that necessary lockdowns sometimes impede their access to recreation, and lack sufficient information to form a belief as to the amount of recreation Robertson was afforded in April and May 2023.

49. Defendants deny the allegations in this paragraph.

50. Defendants deny the allegations in this paragraph.

51. Defendants deny the allegations in this paragraph, except admit that TDCJ officers are responsible for delivering food trays to death row inmates at the Polunsky Unit.

52. Defendants deny the allegations in this paragraph, except admit that contact visits and phone calls are limited for security reasons, and that many inmates at the Polunsky Unit are permitted to use tablets with limited functionalities.

53. Defendants deny the allegations in this paragraph.

54. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Ward, Robertson, and/or Ford were housed in F-Pod and, if so, the duration or dates of that housing.

55. Defendants deny the allegations in this paragraph, except admit that former TDCJ inmate Terence Andrus committed suicide while in custody.

56. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Plaintiffs filed grievances or participated in a hunger strike.

57. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether members of the Federal Public Defender office sent the cited letter.

58. Defendants deny the allegations in this paragraph.

59. Defendants deny the allegations in this paragraph.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to Robertson's diagnoses or prescriptions (if any).

62. Defendants deny the allegations in this paragraph.

63. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to Ward's diagnoses or prescriptions (if any).

64. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to Plaintiffs' diagnoses or prescriptions (if any).

65. Defendants deny the allegations in this paragraph.

66. Defendants deny the allegations in this paragraph.

67. Defendants deny the allegations in this paragraph, except admit that TDCJ imposes security precautions during all visits with death row inmates, including legal visits.

68. Defendants deny the allegations in this paragraph, except admit that some legal visits with death row inmates at the Polunsky Unit occur in the general visitation room, and that the area is equipped with cameras and glass windows for security purposes.

69. Defendants deny the allegations in this paragraph.

70. Defendants deny the allegations in this paragraph, except refer to the cited document for the complete contents thereof.

71. Defendants deny the allegations in this paragraph, except admit that screening of all materials shared during visitation is necessary for security purposes.

72. Defendants deny the allegations in this paragraph.

73. Defendants deny the allegations in this paragraph, except admit that TDCJ imposes security-related limitations on contact visits with death row inmates.

74. Defendants deny the allegations in this paragraph, except admit that the Polunsky Unit is in Livingston, Texas.

75. Defendants deny the allegations in this paragraph, except admit that TDCJ imposes security-related limitations on phone calls with death row inmates.

76. Defendants deny the allegations in this paragraph.

77. Defendants deny the allegations in this paragraph.

78. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Robertson, Ford, or Ward met with counsel on the referenced dates.

79. Defendants deny the allegations in this paragraph.

80. Defendants deny the allegations in this paragraph.

81. Defendants deny the allegations in this paragraph, except refer to the cited document for the complete contents thereof.

82. Defendants deny the allegations in this paragraph, except lack sufficient information to form

a belief as to whether Cummings met with counsel on the referenced date.

83. Defendants deny the allegations in this paragraph.

84. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether the referenced legal call with Ward and Green took place.

85. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to whether Ford was moved to F Pod.

86. Defendants deny the allegations in this paragraph.

87. Defendants deny the allegations in this paragraph, except refer to the cited document for the complete contents thereof.

88. Defendants deny the allegations in this paragraph, except admit that male death row inmates at the Polunsky Unit are not integrated into the general population of inmates at that unit.

89. Defendants deny the allegations in this paragraph, except refer to the cited documents for the complete contents thereof.

90. Defendants deny the allegations in this paragraph.

91. Defendants deny the allegations in this paragraph, except refer to the cited document for the complete contents thereof.

92. Defendants deny the allegations in this paragraph, except refer to the cited documents for the complete contents thereof.

93. Defendants deny the allegations in this paragraph, except refer to the cited documents for the complete contents thereof.

94. Defendants deny the allegations in this paragraph.

95. No response required.

96. Defendants deny the allegations in this paragraph.

97. Defendants deny the allegations in this paragraph and note that several of the cited claims

have been dismissed. *See* D.E. 58, 64.

98. Defendants deny the allegations in this paragraph.

99. Defendants deny the allegations in this paragraph.

100. Defendants deny the allegations in this paragraph, except lack sufficient information to form a belief as to the number of death row inmates on death row in May 2023 and how long each inmate had been on death row at that time

101. Defendants deny the allegations in this paragraph and note that several of the cited claims have been dismissed. *See* D.E. 58, 64.

102. Defendants deny the allegations in this paragraph and note that several of the cited claims have been dismissed. *See* D.E. 58, 64.

103. Defendants deny the allegations in this paragraph.

104. Defendants deny the allegations in this paragraph.

105. Defendants deny the allegations in this paragraph.

106. No response required.

107. No response required.

108. Defendants deny the allegations in this paragraph.

109. Defendants deny the allegations in this paragraph.

110. Defendants deny the allegations in this paragraph.

111. Defendants deny the allegations in this paragraph.

112. Defendants deny the allegations in this paragraph, except refer to the cited document for the complete contents thereof.

113. Defendants deny the allegations in this paragraph.

114. Defendants deny the allegations in this paragraph.

115. No response required.

116. No response required.

117. Defendants deny the allegations in this paragraph.

118. Defendants deny the allegations in this paragraph.

119. Defendants deny the allegations in this paragraph and note that Plaintiffs' claims under the Texas Constitution have been dismissed. *See* D.E. 58, 64.

120. Defendants deny the allegations in this paragraph.

121. No response required.

122. No response required.

123. Defendants deny the allegations in this paragraph.

124. Defendants deny the allegations in this paragraph.

125. Defendants deny the allegations in this paragraph.

126. Defendants deny the allegations in this paragraph.

127. Defendants deny the allegations in this paragraph.

128. Defendants deny the allegations in this paragraph.

129. Defendants deny the allegations in this paragraph.

130. Defendants deny the allegations in this paragraph.

131. No response required.

132. No response required.

133. Defendants deny the allegations in this paragraph.

134. Defendants deny the allegations in this paragraph and note that Plaintiffs' statutory claims have been dismissed. *See* D.E. 58, 64.

135. Defendants deny the allegations in this paragraph and note that Plaintiffs' statutory claims have been dismissed. *See* D.E. 58, 64.

136. Defendants deny the allegations in this paragraph.

137. Defendants deny the allegations in this paragraph.

138. Defendants deny the allegations in this paragraph, except admit that phone calls with death row inmates are subject to security-related restrictions.

139. Defendants deny the allegations in this paragraph, except admit that, for security reasons, contact visits between death row inmates and their counsel are prohibited.

140. Defendants deny the allegations in this paragraph and note that Plaintiffs' statutory claims have been dismissed. *See* D.E. 58, 64.

141. Defendants deny the allegations in this paragraph and note that Plaintiffs' statutory claims have been dismissed. *See* D.E. 58, 64.

142. Defendants deny the allegations in this paragraph.

143. No response required.

144. No response required.

145. Defendants deny the allegations in this paragraph and note that Plaintiffs' retaliation claims have been dismissed. *See* D.E. 58, 64.

146. Defendants deny the allegations in this paragraph, except admit that Plaintiffs filed their original complaint on January 26, 2023.

147. Defendants deny the allegations in this paragraph and note that Plaintiffs' retaliation claims have been dismissed. *See* D.E. 58, 64.

148. Defendants deny the allegations in this paragraph and note that Plaintiffs' retaliation claims have been dismissed. *See* D.E. 58, 64.

149. Defendants deny the allegations in this paragraph and note that Plaintiffs' retaliation claims (and all claims against Anthony) have been dismissed. *See* D.E. 58, 64.

150. Defendants deny the allegations in this paragraph and note that Plaintiffs' retaliation claims have been dismissed. *See* D.E. 58, 64.

151. Defendants deny the allegations in this paragraph and note that Plaintiffs' retaliation claims have been dismissed. *See* D.E. 58, 64.

152. Defendants deny the allegations in this paragraph and note that Plaintiffs' retaliation claims have been dismissed. *See* D.E. 58, 64.

153. No response required.

154. No response required.

155. No response required.

156. Defendants deny the allegations in this paragraph.

157. Defendants deny the allegations in this paragraph.

158. Defendants deny the allegations in this paragraph.

159. No response required.

160. No response required.

161. No response required.

162. Defendants deny the allegations in this paragraph.

163. Defendants deny the allegations in this paragraph and note that Plaintiffs' individual-capacity Fourteenth Amendment claims have been dismissed. *See* D.E. 58, 64.

164. Defendants deny the allegations in this paragraph and note that Plaintiffs' individual-capacity Fourteenth Amendment claims have been dismissed. *See* D.E. 58, 64.

165. Defendants deny the allegations in this paragraph.

166. No response required.

167. No response required.

168. No response required.

169. Defendants deny the allegations in this paragraph.

170. Defendants deny the allegations in this paragraph and note that Plaintiffs' constitutional and

statutory access-to-counsel claims have been dismissed. *See* D.E. 58, 64.

171. Defendants deny the allegations in this paragraph.

172. No response required.

173. No response required.

174. No response required.

175. Defendants deny the allegations in this paragraph.

176. Defendants deny the allegations in this paragraph and note that Plaintiffs' retaliation claims have been dismissed. *See* D.E. 58, 64.

177. Defendants deny the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS**

1. Defendants deny that Plaintiffs were or are being deprived of any right, privilege or immunity granted or secured by the Constitution or laws of the United States or the state of Texas.

2. Defendants deny that Plaintiffs are entitled to any relief whatsoever, whether under state or federal law, including without limitation compensatory damages, punitive damages, injunctive relief, declaratory relief, attorney's fees, expert fees, costs or any other type of relief.

3. Defendants assert their right to all applicable immunities, including as applicable and without limitation: sovereign immunity, official immunity, Eleventh Amendment immunity, and qualified immunity.

4. Defendants assert that some or all of Plaintiffs' claims may be barred for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

5. Defendants assert that some or all of Plaintiffs' claims may be barred by the PLRA's physical injury requirement.

6. Defendants assert that some or all of Plaintiffs' claims may be time-barred under the applicable statute(s) of limitations.

7. Defendants assert that some or all of Plaintiffs' claims may be barred by *res judicata*, claim preclusion, issue preclusion, and/or the doctrine of laches.

8. Defendants assert that class certification is not appropriate in this case.

9. Defendants assert their right to raise additional defenses as they become apparent during the factual development of this case.

## PRAYER FOR RELIEF

Defendants pray that Plaintiffs take nothing in this case.

## JURY DEMAND

Defendants demand a jury on all issues so triable.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Teas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**BRIANA M. WEBB**
Chief, Law Enforcement Defense Division

/s/ *Michael J. Calb*
**MICHAEL J. CALB**
Special Counsel
Attorney-In-Charge
Texas State Bar No. 24126986
Michael.Calb@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, certify that on March 11, 2026 a true copy of the foregoing has been served on all counsel of record via the Court's ECF system.

/s/ Michael J. Calb
**MICHAEL J. CALB**
Assistant Attorney General