UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARK ROBERTSON; GEORGE CURRY; TONY EGBUNA FORD; and RICKEY CUMMINGS, on their own behalf, and on behalf of a class of similarly situated prisoners,<br><br>   *Plaintiffs*,<br><br>v.<br><br>BRYAN COLLIER, Executive Director of Texas Department of Criminal Justice; BOBBY LUMPKIN, Director of the Correction Institutions Division of the Texas Department of Criminal Justice; DANIEL DICKERSON, Warden of the Allan B. Polunsky Unit,<br><br>   *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 9:23-CV-23 |

## ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

### 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, and any other applicable orders and rules. All disclosures and productions made pursuant to this Stipulated Order Regarding Discovery of Electronically Stored Information ("Protocol") are subject to the Stipulated Protective Order and any other Orders entered in this matter.

### 2. PRESERVATION

The Parties have discussed the types of documents and ESI they believe should be preserved and agree that preservation of potentially relevant ESI will be reasonable and

proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

a) The Parties have agreed to exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved. The Parties shall add or remove custodians as reasonably necessary and following good faith discussion among Parties to the litigation;

b) The Parties will agree on the number of custodians per Party for whom ESI will be preserved;

c) The Parties will meet and confer to identify data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) where ESI from these sources will be preserved but not searched, reviewed, or produced;

d) In addition to the agreements above, the Parties will meet and confer to identify data sources that (a) could contain relevant information but (b) under the proportionality factors, should not be preserved.

e) As additional data sources are identified as a result of investigation, the Parties may identify additional data sources that may or may not need to be preserved pursuant to subsections (c) or (d) above.

3. **SEARCH**

The Parties agree that within 21 days of executing this protocol, the producing Party will provide proposed search protocols to be used for locating responsive ESI, to the extent necessary to provide responsive and proportionate documents to any particular discovery request, unless

the Parties are still meeting and conferring on the scope and substance of a discovery request. The search protocols will, among other things, identify the data sources and custodians each Party believes will possess responsive information and, if appropriate, propose search terms. The Parties will meet and confer about methods to search ESI if either Party requests such a meet and confer within 14 days after the deadline for exchanging proposed search protocols. If a Party requests such a meet and confer, the Parties will meet and confer within 7 days.

### 4. PRODUCTION FORMATS

The Parties agree to produce documents in TIFF and/or native (or a combination thereof) file formats.  For documents produced in TIFF file format, such documents shall be produced with an accompanying text file (in TXT file format) containing the underlining native text of each file, if available, or for scanned files the text retrieved from Optical Character Recognition ("OCR"). A load file for e-discovery review, in Concordance format that indicates the beginning and ending of each document, shall accompany each production.  If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as **Exhibit A**. However, the Parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The Parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

Additionally, due to the cost or inability of image conversion and the formatting issues

commonly encountered with converting the following file types to image format, the following data types below shall be produced in Native Format: (i) Microsoft Excel files, CSV files, TSV files, and other spreadsheet, tabular, or delimited data files; (ii) Microsoft PowerPoint, Apple Keynote, and other presentation files; and (iii) files that cannot be converted into a readily accessible TIFF (e.g., audio files, video files, digital images, or animation files).  If such spreadsheet or presentation files require redaction, they may be imaged and produced in TIFF form.  To the extent a Party produces ESI in Native Format, it must provide a sequentially numbered unique document identifier as the filename of the file. Placeholder images must be provided for produced natives.  The placeholder must contain the confidential designation, Bates number, and text stating that the document has been produced in Native Format.

5. **DOCUMENTS PROTECTED FROM DISCOVERY**

   a)   The Parties and their attorneys do not intend by this Protocol to waive their rights to any protection or privilege, including but not limited to, the attorney-client privilege and the attorney work product doctrine. All Parties preserve their attorney-client privileges, attorney work product, and other privileges, and there is no intent by the Protocol, or the production of documents pursuant to the Protocol, to in any way waive or weaken these privileges.

   b)   Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

i) Upon learning of the production of a privileged or work-product-protected document, the producing Party will promptly give all counsel of record written notice of the production. The producing Party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such production and the receiving Party agrees not to challenge the reasonableness of such efforts. Upon receiving notice of a production or upon determining that information it received is privileged or work-product-protected, the receiving Party must promptly return, sequester, and/or destroy the document(s) and all copies and sequester and/or destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work-product-protected information and notify the producing Party when this is complete.

ii) If a receiving Party challenges a claim that information produced, disclosed, exhibited, or communicated is privileged or work-product-protected, the receiving Party may, in connection with a good faith challenge, make reference to the contents of the information in a submission to the Court, so long as such filing is under seal. The Parties also must follow the procedures for submitting discovery disputes to the Court.

iii) A receiving Party is under a good faith obligation to promptly alert the producing Party if the receiving Party believes, or it is reasonably apparent that, information produced, disclosed, exhibited, or communicated by a producing Party is privileged or work-product-protected either on its face or in light of facts known to the receiving Party.

5

iv) To the extent any Party is aware that it has obtained, or it is reasonably apparent that the Party has obtained, privileged or work-product-protected information through production, disclosure, or communications, such information may not be submitted to the Court (except in connection with a challenge of the privilege assertion, as described above) or presented for admission into evidence or sought in discovery in this proceeding or in any other proceeding or action.

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## 6. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

SIGNED this 13th day of July, 2026.

_____

Zack Hawthorn
United States Magistrate Judge

6

**EXHIBIT A**

**TABLE OF METADATA FIELDS**

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files / Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number)  Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |

1

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files / Attachments) |
|---|---|---|---|---|
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| MD5HASH | MDHASH | Paragraph | The MD5HASH value | Unique identifier extracted from all files imported. Uses 128-bit encryption. May |

2

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files / Attachments) |
|---|---|---|---|---|
| | | | | be used for deduping purposes. |
| Dupe Custodian | DUPECUSTODIANS | Paragraph | Custodians of all individuals for whom the production document in question was extracted. | Names of the custodians containing duplicate versions of the original record |
| INTMSGID | | Paragraph | | The unique identifier for a digital message, most commonly a globally unique identifier used in email and Usenet newsgroups |
| RECORDTYPE | RECORDTYPE | Paragraph | | The "RECORDTYPE" field defining the file as either an E-mail, Attachment, E- |
| DATECREATED | DATECREATED | Date | | Date that non-email file was created as extracted from file system metadata |
| DATELASTMOD | DATELASTMOD | Date | | Date that non-email file was last modified as extracted from file system metadata |
| Filename | FILENAME | Paragraph | | Original filename of native file. Contains subject |

3

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files / Attachments) |
|---|---|---|---|---|
| | | | | of e-mail message for e-mail records. |
| File Ext | DocExt | Paragraph | | The original file extension of native file |
| Source Path | SourcePath | Paragraph | | Original path to the source folder, files, and/or mail stores. |

4